UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN L. PRICE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 17-5149-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Marilyn L. Price appeals the ALJ's May 29, 2015, decision finding her not disabled. The ALJ found chronic fatigue syndrome, depressive disorder and adjustment disorder with anxious mood are severe impairments; Ms. Price can perform less than the full range of light work with additional mental and environmental limitations; and that she cannot perform past relevant work but can perform other work in the national economy. Tr. 25-37.

Ms. Price contends the ALJ misevaluated the medical evidence, her testimony and the lay testimony. She also contends the evidence she submitted to the Appeals Council undermines the ALJ's disability determination. As relief, she asks the Court to reverse and remand the case for further proceedings. Dkt. 13 at 1, 18. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Evidence Presented to the Appeals Council**

After the ALJ issued the decision finding Ms. Price not disabled, Ms. Price requested review in the Appeals Council. Tr. 8. In support of her request, she submitted a number of medical records including a psychological evaluation performed on September 17, 2015, by Kimberly Wheeler, Ph.D. Tr. 2. The Appeals Council made all of Ms. Price's post-hearing medical submissions part of the record except for Dr. Wheeler's evaluation. *Id.* Ms. Price argues the Appeals Council should have made Dr. Wheeler's evaluation part of the record; she also argues Dr. Wheeler's evaluation undermines the ALJ's determination that she is not disabled. Dkt. 13 at 8-10.

As to Ms. Price's first argument, the Commissioner contends Dr. Wheeler's evaluation is not part of the record and therefore the Court cannot consider it. Citing to *Brewes v. Comm'r of Social Sec. Admin.*, 682 F3d 1157 (9th Cir. 2011), the Commissioner contends "the administrative record includes evidence the Appeals Council considered." Dkt. 14 at 6. In support of this contention, the Commissioner argues under 20 C.F.R. §§ 404.970(b), 416.1470(b), the Appeals Council only "considers" evidence that relates to the period on or before the date of the administrative hearing. *Id.* The Commissioner contends because the Appeals Council stated Dr. Wheeler's evaluation "is about a later time," and "does not affect the decision about whether you were disabled beginning on or before May 29, 2015," the Appeals Council did not "consider" the evaluation. *Id.* (referring to Tr. 2).

The argument fails. The Appeals Council may deny a party's request for review or it may decide to review a case. 20 C.F.R. §§ 404.967, 416.1467. Here, the Appeals Council denied review. Tr. 1. The regulations the Commissioner relies upon―20 C.F.R. §§ 404.970(b) and

416.1470(b)— are titled "Cases the Appeals Council will review." The title and plain language of both sections make clear that these sections regard only the circumstances under which the Appeals Council **will**, i.e., is required to, review a case. *Id.* But neither section applies to this case, a case in which the Appeals Council received new evidence and **denied** review.

The Commissioner's interpretation of "considered" is also inconsistent with the regulatory scheme for requesting review. A claimant is entitled to file a written request for Appeals Council review. 20 C.F.R. §§ 404.968(a), 416.1468. The regulations further state "[a]ny documents or other evidence you wished to have **considered** by the Appeals Council should be submitted with your request for review." *Id.* (emphasis added). The regulations thus clearly indicate the Appeals Council will **consider** evidence the claimant submits in support of a written request for Appeals Council review.

Here, in denying review, the Appeals Council stated it "looked at" all of the medical records Ms. Price submitted including Dr. Wheeler's evaluation. Tr. 2. The record thus establishes the Appeals Council "considered" all of this evidence, a conclusion supported by its determination that Dr. Wheeler's evaluation is "information about a later time." The record accordingly belies the Commissioner's claim that the Appeals Council did not "consider" Dr. Wheeler's evaluation.

The Commissioner also argues the Court may not consider evidence the Appeals Council "excludes" or does not make part of the administrative record. Dkt. 14 at 6. The Commissioner argues under 42 U.S.C. § 405(g) the Commissioner has the sole authority to create and certify the administrative record. Section 405(g) states "[a]s part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record." This section only directs the Commissioner to submit the complete administrative record, and to

certify that it is complete and accurate. But it contains nothing indicating the Commissioner can pick and choose what evidence presented to the ALJ or Appeals Council makes it into the record as the Commissioner implies.

In short, nether the law nor the record support the Commissioner's contentions that Dr. Wheeler's evaluation is not part of the administrative record because the Appeals Council did not "consider" it, and because § 405(g) grants the Commissioner carte blanche to pick and choose what evidence makes it into the record. The record clearly establishes Dr. Wheeler's evaluation was submitted and considered by the Appeals Council in denying review. Because the Appeals Council considered the evaluation, the Court may also consider it. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007). *See also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review.")."

As the Court may consider, Dr. Wheeler's evaluation, the Court turns to Ms. Price's second argument: that the Court should remand the case because the evaluation undermines the ALJ's disability determination. The Commissioner does not analyze whether Dr. Wheeler's evaluation undermines the ALJ's disability determination. Dkt. 14 at 4-5. Although the Commissioner's lack of discussion amounts to a concession, the Court has reviewed Dr. Wheeler's evaluation and concludes the ALJ's disability determination is not supported by substantial evidence.

Dr. Wheeler performed a Department of Social and Health Services psychological examination about four months after the ALJ issued her decision. Dkt. 13 (Appendix 1). The doctor diagnosed Ms. Wheeler with depression and generalized anxiety. These are not new disorders that popped up after the ALJ issued her decision, but are disorders that are consistent

with the ALJ's determination that depressive disorder and adjustment disorder with anxious mood are severe impairments. Dr. Wheeler's clinical interview also indicates the doctor evaluation was not a snap-shot limited only to the date of the evaluation. Rather Dr. Wheeler, outlined Ms. Price's history from childhood and how she began having problems starting in 2009. Dr. Wheeler opined Ms. Price was markedly limited in her ability to adapt to changes in a routine work setting; communicate and perform effectively in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. *Id*. at 3. The doctor also opined Ms. Price was moderately limited in her ability to understand, remember, and persist in tasks following very short and simple instructions; perform activities within a schedule, and maintain regular attendance; learn new task; and maintain appropriate behavior in the work setting. *Id.* As the ALJ's RFC determination does not account for these limitations, the ALJ's disability determination is not supported by substantial evidence, and the matter must be remanded for further proceedings.

**B.      Medical Evidence**

Ms. Price's opening brief lists, seriatim, notations made by 19 medical sources. Dkt. 13 2-8. Ms. Price claims the medical evidence is consistent with her testimony and confirms there is an objective basis for her limitations. *Id*. at 8. The Court rejects this sweeping and conclusory statement. Ms. Price cannot merely make a statement and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) *citing Vandenboom v. Barnhar*t, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings);

*Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

Although Ms. Price has waived argument on most of the 19 medical sources she listed in her opening brief, the Court notes she presented some argument regarding the ALJ's assessment of the opinions of W. Daniel Davenport, M.D., Kathleen Mayers, Ph.D., Patricia Geist, and Leah Uy, M.D. Argument thus is not waived as to these sources. These sources all rendered opinions touching on Ms. Price's mental health limitations. Because the ALJ must reassess Ms. Price's mental limitations, on remand, based upon the impact of Dr. Wheeler's new opinion and any further development of the record the ALJ must necessarily reassess these sources' opinions.

**C.    Ms. Price's Testimony**

The ALJ did not find Ms. Price was malingering and therefore must provide specific, clear and convincing reasons to reject her testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The Commissioner argues and the Court agrees the ALJ gave at least one valid reason to discount Ms. Price's testimony: that Ms. Price's testimony is inconsistent with the medical evidence. Tr. 29-33. The ALJ detailed a number of inconsistencies that Ms. Price does not specifically refute. Dkt 13 at 12. At most Ms. Price listed selected portions of the medical evidence, as noted above. But she makes no effort in her opening brief to articulate how or why the ALJ's finding that the medical evidence contradicts her testimony is not supported by substantial evidence. The Court reviews whether the ALJ's decision contains legal errors or is not supported by substantial evidence, not the claimant's views of the evidence.

In her reply, Ms. Price contends the medical evidence does not contradict her testimony. Ms. Price argues the ALJ erred in relying on Dr. Davenport's opinion that she had no limitation

in her standing, walking or sitting capacities. Dkt. 15 at 6. Ms. Price argues this is an **opinion** not a **finding**, and therefore not something that contradicts her testimony. The Court rejects this distinction. The ALJ may consider "ordinary techniques of credibility evaluation" including inconsistencies between the claimant's testimony and testimony from doctors concerning the nature, severity, and effect of the symptoms of which claimant complains. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ appropriately relied upon the inconsistencies between Dr. Davenport's opinions about Ms. Price's limitations and Ms. Price's testimony about the severity of her limitations. The Court accordingly affirms the ALJ's determination regarding Ms. Price's testimony.

**D.     Lay Testimony**

Ms. Price contends the ALJ misevaluated the lay testimony of Donna Heitzman, Donna Huntting, and L. Jackson, a SSA interviewer. Dkt. 13 at 14-16.

Ms. Price argues the ALJ erred in failing to discuss Ms. Jackson's comment that Ms. Price looked very tired during an interview, and appeared to have a loss of energy. Dkt. 13 at 14. The ALJ errs if he or she does not explain why significant, probative evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). The ALJ did not mention Ms. Jackson. However, Ms. Price fails show how this amounts to harmful error. Ms. Jackson provided a one-time observation but little in the way of the degree of Ms. Price's functional limitations, and whether she was capable of performing work. Ms. Price does not articulate how the ALJ's failure to comment on Ms. Jackson's comment results in a harmful omission of a functional limitation bearing on her RFC. She thus fails to show the ALJ harmfully erred and the Court rejects her contention.

As to Ms. Heitzman and Ms. Huntting, the ALJ found their testimony largely reiterated Ms. Price's testimony about her limitations. Tr. 29. The ALJ rejected these witnesses' testimony finding their statements, like Ms. Price's, is inconsistent with the medical evidence. Tr. 35. Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony. *See Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012). As discussed above, the ALJ properly discounted Ms. Price's testimony as inconsistent with the medical evidence. The ALJ accordingly did not err in rejecting Ms. Heitzman's and Ms. Huntting's testimony.

## CONCLUSION

The Courts **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall assess Dr. Wheeler's evaluation; develop the record as needed; and reassess the opinions of W. Daniel Davenport, M.D., Kathleen Mayers, Ph.D., Patricia Geist, and Leah Uy, M.D. in light of Dr. Wheeler's evaluation and record development. The assessment of these opinions and potential development of the record may make it appropriate for the ALJ to reassess the lay testimony and Ms. Price's testimony. As appropriate the ALJ shall reassess Ms. Price's RFC and proceed to step five.

DATED this 18th day of October, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER
PROCEEDINGS - 9