UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN L. PRICE,

          Plaintiff,

   v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C17-5149-BAT

**ORDER FOR EAJA FEES AND EXPENSES**

Plaintiff Marilyn L. Price, the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees of $6,989.58, as well as expenses of $5.81. Dkt. 19. The Commissioner opposes the motion, arguing that no fees should be awarded because her position was substantially justified. Dkt. 20. The Court rejects the Commissioner's arguments and **GRANTS** plaintiff's motion.

The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To show that its position was "substantially justified" the government must demonstrate that its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation position and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749

F.3d 830, 832–34 (9th Cir. 2014).

The Commissioner attempts to reframe the issue as "whether the Commissioner's position was substantially justified despite the evidence that the Appeals Council decided to exclude from the record." Dkt. 27 at 2. However, the "position of the United States" includes *both* the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). The Commissioner does no more than argue that she was right in her litigation position and the Court was wrong in deciding the case. The Court does not relitigate the underlying decision in deciding EAJA fee motions.

The Commissioner misleadingly asserts that this Court has recently considered a factually analogous situation and sided with the Commissioner. Dkt. 29 at 2. However, the case the Commissioner refers to, *Holster v. Berryhill*, Case No. C17-5578-BAT, involved a request for remand under sentence six of 42 U.S.C. § 405(g), which entails no substantive evaluation of the ALJ's decision. This case involves a request for remand under sentence four of 42 U.S.C. § 405(g), which requires an evaluation of the merits of the ALJ's decision in light of the new evidence. The Court found that the ALJ's decision was no longer supported by substantial evidence in light of the new evidence. The cases are not factually analogous and the Court's decision in *Holster* does not support the Commissioner's litigation position in this case.

The Commissioner's positon in this litigation was not substantially justified. The Court therefore **GRANTS** Ms. Price's motion (Dkt. 19).

The Commissioner did not object to the amount of fees Ms. Price requested. The Court has reviewed Ms. Price's motion and supporting declarations and the record, and finds the amount requested is reasonable. The Court therefore **ORDERS**:

Plaintiff is hereby awarded EAJA fees of $6,989.58 and expenses in the sum of $5.81. If

the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

DATED this __5th__ day of __February__, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER FOR EAJA FEES AND EXPENSES - 3